

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (C.M.S.), an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  24-CV-217 JLS (AHG)<br><br>**ORDER (1) VACATING HEARING AND (2) GRANTING MOTIONS TO EXTEND**<br><br>(ECF Nos. 39, 58) |

Presently before the Court are Plaintiff Jane Doe's Motion to Extend Time to Serve Defendants ("Pl.'s Mot.," ECF No. 39)—which is noticed for a hearing on July 25, 2024[1]— and her supporting Memorandum ("Pl.'s Mem.," ECF No. 39-1).  Defendants Wyndham Hotels & Resorts, Inc.; Wyndham Hotel Group, LLC; Ramada Worldwide Inc.; Super 8 Worldwide, Inc.; La Quinta Franchising, LLC; and La Quinta Holdings, Inc. filed a Statement of Non-Opposition ("Statement of Non-Opp'n," ECF No. 52).  Also before the Court is the Joint Motion to Extend Time to File Response ("Joint Mot.," ECF No. 58) filed by Plaintiff and Defendants Pacific Coast Inn, LLC and Pacific Coast, LLC Co. (collectively, the "Pacific Coast Defendants").  The Court will address both matters in turn.

---

[1] The Court finds Plaintiff's Motion appropriate for decision without oral argument and therefore **VACATES** the July 25 hearing and takes this matter under submission pursuant to Local Rule 7.1(d)(1).

24-CV-217 JLS (AHG)

**PLAINTIFF'S MOTION**

Plaintiff initiated this action by filing her initial Complaint ("Compl.," ECF No. 1) on January 31, 2024.  A summons and an amended summons were issued the following day.  *See* ECF Nos. 1 to 2.  On March 29, Plaintiff filed her First Amended Complaint ("FAC," ECF No. 4), which identified seventeen new defendants.  Pl.'s Mem. ¶ 3.  In her Memorandum, Plaintiff explains that—despite several attempts—she had trouble securing an amended summons to allow her to serve these new defendants.  *See id.* ¶¶ 4–6.  Eventually, on June 21, Plaintiff filed a Second Amended Complaint ("SAC," ECF No. 29), which named still more defendants.  A new summons was then issued on June 24.  *See* ECF No. 30.

In her present Motion, Plaintiff requests an extension of "[thirty] days to serve Defendants" pursuant to Federal Rule of Civil Procedure 4(m).  Pl.'s Mem. ¶ 12.  Rule 4(m) sets an "irreducible allowance" of ninety days for a plaintiff to complete service after the complaint is filed.  *Henderson v. United States*, 517 U.S. 654, 661 (1996); Fed. R. Civ. P. 4(m).  If a plaintiff fails to timely effect service, Rule 4(m) (1) "requires a district court to grant an extension . . . when the plaintiff shows good cause" for the delay and (2) "permits the district court to grant an extension even in the absence of good cause."  *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphases omitted).  When exercising its discretion to grant or deny an extension, a court "may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"  *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Plaintiff does not clarify which defendants the Motion pertains to, whether it be only defendants listed in the original complaint, those named for the first time in the FAC, or both groups.[2]  Plaintiff justifies her request by noting she "was not issued an Amended

---

[2] No extension is needed as to defendants named for the first time in the SAC; as explained in the next paragraph, the ninety-day clock relevant to them did not begin ticking until the SAC was filed on June 21, 2024.

24-CV-217 JLS (AHG)

Summons that listed new Defendants following her filing of the [FAC]." Pl.'s Mem. ¶¶ 11. However, she also explains that "immediately" after receiving the new summons, she "scheduled service of process on *all* Defendants." *Id.* ¶ 9 (emphasis added).

The exact group of Defendants targeted matters because Rule 4(m)'s ninety-day window "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Thor v. Crawford*, No. 8:23-CV-00940-AB-AJR, 2023 WL 6927339, at *1 (C.D. Cal. Sept. 1, 2023) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)). So, to the extent Plaintiff seeks more time to serve Defendants named in the *original* Complaint (filed on January 31), a thirty-day extension would not cut it. By contrast, thirty days would suffice as to any defendants brought into this action by the FAC (filed on March 29) that have yet to be served.

Having reviewed the relevant submissions and the record, the Court will (1) construe Plaintiff's request to apply both to Defendants named in the original Complaint and added by the FAC and (2) **GRANT** Plaintiff's Motion.[3] Though a longer extension is required to serve Defendants named at the outset of this case, most of said Defendants signed on to the Statement of Non-Opposition. Plus, a flurry of litigation activity took place after the FAC—but before the SAC—was filed, indicating several "long-standing" Defendants received notice of this action. *See* Docket. Finally, the Court notes Plaintiff has exhibited diligence in attempting and executing service,[4] and that nothing in the record suggests that granting Plaintiff this extension will prejudice any Defendant.

### JOINT MOTION

The Joint Motion asks the Court to extend the Pacific Coast Defendants' deadline to respond to the SAC to August 19, 2024. *See* Joint Mot. at 3–4. The Pacific Coast Defendants were first named in the FAC. *See generally* FAC. However, they were never

---

[3] Plaintiff is advised, however, against submitting similarly vague requests going forward.

[4] Beyond the steps taken discussed above, Plaintiff filed proofs of service regarding twenty-one defendants between June 26 and July 18. *See* ECF Nos. 40 to 49, 59 to 66, 69 to 71.

24-CV-217 JLS (AHG)

served with that pleading; instead, Plaintiff served the Pacific Coast Defendants with the SAC on June 24. *See* Joint Mot. at 3–4. Per the Joint Motion, the Pacific Coast Defendants require additional time to respond to the SAC because they must secure counsel and investigate Plaintiff's allegations.

Good cause appearing, the Court **GRANTS** the Joint Motion.

### CONCLUSION

For the reasons above, the Court **ORDERS** as follows.

1)    The Court **VACATES** the July 25, 2024, hearing and **GRANTS** Plaintiff's Motion (ECF No. 39). Plaintiff **SHALL SERVE** Defendants named in the original Complaint and Defendants first named in the FAC <u>within thirty (30) days</u> of the date of this Order.[5]

2)    The Court **GRANTS** the Joint Motion (ECF No. 58). Defendants Pacific Coast Inn, LLC and Pacific Coast Inn, LLC Co. **SHALL RESPOND** to the SAC <u>on or before August 19, 2024</u>.

**IT IS SO ORDERED.**

Dated:  July 19, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[5] Nothing in this Order impacts Plaintiff's deadline to serve any Defendants named for the first time in the SAC.

24-CV-217 JLS (AHG)