1
2
3
4
5
6
7
8
9 UNITED STATES DISTRICT COURT
10 SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS,<br>INC., et al.,<br><br>      Defendants. | Case No.:  3:24-cv-00217-JLS-AHG<br><br>**ORDER RESOLVING JOINT MOTION FOR RESOLUTION OF DISCOVERY DISPUTE REGARDING PROTECTIVE ORDER**<br><br>**[ECF No. 151]** |

Before the Court is the parties' Joint Motion for Resolution of Discovery Dispute Regarding Protective Order. ECF No. 151. After conferring extensively about the protective order and resolving a number of issues, the parties disagree about the contents of four provisions. The Court resolves these disagreements as set forth below.

## I.    LEGAL STANDARD

The Court is vested with "broad discretion" to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). *See also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). Further, the Federal Rules of Civil Procedure generally allow for broad discovery in civil actions, permitting parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).

Notwithstanding the broad scope of permissible discovery, a party may seek a protective order from the Court to limit discovery under Rule 26(c)(1). Under that subprovision:

> . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms [] for the disclosure or discovery;
> . . . [or]
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]

Fed. R. Civ. P. 26(c)(1). To make the requisite showing of good cause for a protective order under Rule 26(c)(1), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also Beckman Indus., Inc. v. Int'l Ins. Co*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)

test.").

To evaluate whether Plaintiff has met the "good cause" standard of Rule 26(c), the Court must balance the need for discovery of the materials against the need for confidentiality. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips*, 307 F.3d at 1213). The Ninth Circuit has characterized the movant's burden to show good cause for a protective order denying discovery as a "heavy" one, given "the liberal discovery principles" of the Federal Rules of Civil Procedure. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Even where the movant succeeds in showing that particularized harm will result from disclosure of certain information, the Court then "balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211 (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). The factors set forth in *Glenmede* are "neither mandatory nor exhaustive," but are useful in evaluating whether the movant has shown good cause to protect discovery materials under Rule 26(c):

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.

*Glenmede*, 56 F.3d at 483. *See also Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 n.6 (9th Cir. 2004) (Bea, J., dissenting from denial of rehearing en banc) (listing the *Glenmede* factors as those factors courts have considered in analyzing whether the Rule 26(c) "good cause" standard has been met).

In considering whether to issue a protective order to limit discovery, courts are especially sensitive to the confidentiality interests of plaintiffs in sex trafficking cases like

the one at hand. *See J.C. v. Choice Hotels Int'l, Inc.*, No. C20-0155, 2021 WL 1146406, at *4 (N.D. Cal. Mar. 4, 2021) ("The severity of the threatened harm, the reasonableness of [Plaintiff's] fears, and her vulnerability to such harm are similar to [] the concerns raised by plaintiffs in other [Trafficking Victims Protection Reauthorization Act] cases where courts found good cause for additional protections.") (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Following these legal principles, the Court has reviewed the competing language advanced by the parties for certain sections of the Protective Order they submitted. The Court's rulings on these disputes are set forth below, and the rulings have been incorporated in a revised version of the Protective Order, which the Court will file on the docket separately.

## II.    SECTION II.A

Section II.A addresses the scope and duration of the Protective Order. Defendants request to add a paragraph in this section that contains a representation by Plaintiff that: 1) she has a good faith belief that the alleged traffickers and their associates present a current threat to her, such that she would be harmed by disclosure of her identity to them; and 2) that her identity has not been disclosed previously, and she will not make any public statements regarding the pending lawsuit. Plaintiff argues that the representation in Section III.E is sufficient. In broad strokes, the representation in Section III.E addresses the second part of the requested representation by Defendants, but not the first.

Having considered the parties' arguments and the relevant principles, the Court finds that it is reasonable to require Plaintiff to make a representation beyond that stated in Section III.E, but that Defendants' language should be modified. Section II.A in the revised Protective Order therefore contains this language:

> Plaintiff represents that she believes in good faith that the alleged trafficker(s) and the traffickers' associates present an ongoing threat to safety to Plaintiff and her family members, and that the disclosure of Plaintiff's Identity within the context of this Action will increase that threat as well as the social stigma associated with being a trafficking victim. Plaintiff further represents that she

has taken steps to prevent disclosure of Plaintiff's Identity in conjunction with this Action, that she is unaware of any public disclosure of Plaintiff's Identity in conjunction with this Action, and that she does not intend to publicly disclose her Identity in conjunction with this Action, on social media or otherwise. If Defendants become aware of any public disclosure of Plaintiff's Identity in conjunction with this Action by Plaintiff or her counsel, Defendants may apply to the Court for relief from the restrictions imposed in this Protective Order related to non-disclosure of Plaintiff's Identity.

## III.    SECTION III.D

Section III.D addresses who will be granted access to Plaintiff's Identity information under the Protective Order. The parties have disputes regarding subsections (iii), (iv), and (vi) of Section III.D.

### A. Subsection (iii)

Subsection (iii) addresses disclosure to certain representatives of the Parties. Plaintiff argues that persons in this category should be required to execute the Acknowledgment and Agreement to Be Bound attached to the Protective Order as Exhibit A. Plaintiff contends that this is required to give teeth to the provisions the Order. Defendants object to this requirement on the grounds that obtaining a signature on Exhibit B from every potential witness in this category will be burdensome, will deter witnesses from cooperating with their investigation, and that Plaintiff has not stated specific facts to support imposing such a burden on Defendants.

Having considered the parties' arguments and the relevant principles, the Court finds that Defendants' proposed language for this subsection should be adopted with some modification by the Court. Section III.D(iii) in the revised Protective Order therefore contains this language:

> Former employees, officers, contractors, and representatives of the Parties, who Counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided that any such person may not retain any documents containing Plaintiff's Identity. Counsel must advise any such person that Plaintiff's Identity is to be held confidential pursuant to Court Order and keep a record of any persons to whom they disclose Plaintiff's Identity in case of any disputes relating to compliance with this Protective

Order. That record is not subject to discovery, in whole or in part, without a further order of the Court.

## B. Subsection (iv)

Subsection (iv) addresses disclosure to Witnesses generally, and not witnesses connected with a specific Party. The parties' positions over subsection (iv) largely echo their positions with respect to subsection (iii). Having considered the parties' arguments and the relevant principles, the Court finds that Defendants' proposed language for this subsection should be adopted with some modification by the Court. Section III.D(iv) in the revised Protective Order therefore contains this language:

> Any witness, other than the Trafficker or known associates of the Trafficker, whom Counsel for a Party in good faith believes may possess information that may lead to the discovery of admissible information relevant to Plaintiff's claims or the Defendants' defenses, provided that any such person may not retain any documents containing Plaintiff's Identity and that Plaintiff's and Plaintiff's family's physical location will never be disclosed to any such person. Counsel must advise any such person that Plaintiff's Identity is to be held confidential pursuant to Court Order and keep a record of any persons to whom they disclose Plaintiff's Identity in case of any disputes relating to compliance with this Protective Order. That record is not subject to discovery, in whole or in part, without a further order of the Court.

## C. Subsection (vi)

Subsection (vi) addresses disclosure to Adjusters and insurance company representatives. The parties' positions over subsection (vi) largely echo their positions with respect to subsections (iii) and (iv). Having considered the parties' arguments and the relevant principles, the Court finds that Defendants' proposed language for this subsection should be adopted. Section III.D(vi) in the revised Protective Order therefore contains this language:

> Adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses so long as a representative with authority to bind the insurer executes the Acknowledgement and Agreement to Be Bound attached to this Protective Order as Exhibit A on behalf of the insurer.

## IV.    SECTION III.E

Section III.E addresses representations by Plaintiff with respect to whether her Identity has been disclosed in conjunction with the pending action, and her intent not to publicly disclose her Identity in conjunction with the pending action, whether by social media or otherwise. The language included by the Court in Section II.A discussed above, resolves the parties' dispute.

**IT IS SO ORDERED.**

Dated:  February 5, 2025

Honorable Allison H. Goddard
United States Magistrate Judge

3:24-cv-00217-JLS-AHG