# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (C.M.S.), an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC., et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 24-CV-217 JLS (AHG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**<br><br>(ECF No. 166) |

　　　　Presently before the Court is Plaintiff's Motion for Leave to Proceed Under Pseudonym ("Mot.," ECF No. 166). Plaintiff moves the Court to enter an order permitting her to proceed using a pseudonym for pretrial purposes. Mot. at 1. Plaintiff represents she has conferred with Defendants and indicates they "do not oppose this motion with the condition that Plaintiff will proceed by pseudonym for pretrial purposes only, and that the Court shall make a new determination regarding whether Plaintiff may proceed pseudonymously, the potential prejudice to the other parties relating to Plaintiff proceeding pseudonymously, and the public's interest in full disclosure relating to Plaintiff proceeding pseudonymously at each new stage in this litigation." *Id.* at 2. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

///

///

# BACKGROUND

Plaintiff brings this Second Amended Complaint ("SAC," ECF No. 29) against Defendants for violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). To summarize, Plaintiff alleges she is a victim of sex trafficking and was repeatedly trafficked at ten (10) California hotels between 2014 and 2015. SAC ¶¶ 10, 102–13. While under the control of her traffickers, "she was repeatedly beaten, drugged, sexually assaulted, and mentally abused." *Id.* ¶ 99. She alleges her traffickers followed a "common *modus operandi* and used methods and tactics that followed common patterns among traffickers." *Id.* ¶ 101. As a result, according to Plaintiff, "there were obvious signs of this trafficking that matched up with 'red flags' that the hotel industry was aware of and that made this trafficking readily detectable to Defendants." *Id.* Per Plaintiff, Defendants knew or were willfully blind of her trafficking at the hotels, and despite this, Defendants continued renting rooms to her traffickers and continued to operate their hotels in a way that facilitated sex trafficking. *Id.* ¶¶ 180–81, 201, 261, 302–03, 308, 323, 363–64, 369, 384, 415–16.

Plaintiff's TVPRA claims under direct and indirect beneficiary liability theories survived Defendants' Motions to Dismiss. *See* ECF No. 159 ("Order"). In the Court's Order on Defendants' Motions to Dismiss, the Court noted Plaintiff had not yet formally moved for permission to proceed under a pseudonym and directed Plaintiff to file a motion to proceed under pseudonym within 20 days of the entry of the Order. Order at 2 n.2, 42.

Plaintiff subsequently filed the instant Motion to Proceed Under Pseudonym.

# LEGAL STANDARD

It is a foundational principle that "the common law rights of access to the courts and judicial records are not taken lightly." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). The Ninth Circuit, therefore, recognizes that "[t]he normal presumption in litigation is that parties must use their real names." *Id.* Such a presumption serves to facilitate the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

The use of pseudonyms is reserved, however, for the "unusual case . . . when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067–68. The Ninth Circuit has recognized three primary situations where the "unusual case" may arise: "(1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (internal quotation marks, citations, and alterations omitted). In balancing a party's need for anonymity with potential prejudice to the opposing party and the public at large, courts must consider that the balance "may change as the litigation progresses." *Id.* at 1069.

## DISCUSSION

Plaintiff asserts that the use of a pseudonym is appropriate here as her claim involves her history as a victim of human trafficking and sexual assault, subject matter that is "clearly of sensitive and highly personal nature." Mot. at 1. Plaintiff further argues that putting her identity in the public domain "exposes her to great risk of retribution from her pimp(s), johns, and others with an interest in keeping her silent and exposes her to potential ridicule and shame from those that learn of her exploitation." *Id.* at 2. And Plaintiff's interest in protecting her privacy, according to Plaintiff, outweighs the public's interest in knowing her identity, as the public also "generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id.* (quoting *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011)).

As the Court noted above, Plaintiff represents she has conferred with Defendants

and indicates they "do not oppose this motion with the condition that Plaintiff will proceed by pseudonym for pretrial purposes only, and that the Court shall make a new determination regarding whether Plaintiff may proceed pseudonymously, the potential prejudice to the other parties relating to Plaintiff proceeding pseudonymously, and the public's interest in full disclosure relating to Plaintiff proceeding pseudonymously at each new stage in this litigation." Mot. at 2. She further asserts that Defendants "reserve the right to challenge Plaintiff's use of pseudonym at any point in the proceedings." *Id.*

In accordance with district courts within the Ninth Circuit, the Court finds Plaintiff's allegations to be of a sufficiently sensitive and personal nature to justify the use of a pseudonym. *See e.g.*, *Doe v. United Airlines, Inc.*, No. 2:17-cv-2825-RFB-NJK, 2018 WL 3997258, at *2 (D. Nev. Aug. 21, 2018) ("District Courts within the Ninth Circuit uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms." (internal quotation omitted)); *see also Roe v. Cal. Dep't of Developmental Servs.*, No. 16-cv-03745-WHO, 2016 U.S. Dist. LEXIS 96815, at *2 (July 25, 2016) ("[R]ecognizing that 'sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity'") (citing *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)). Moreover, Defendants do not argue they will be prejudiced if Plaintiff proceeds under a pseudonym at this stage of litigation. Finally, the Court finds that the public's interest in permitting Plaintiff to proceed under her initials outweighs the public's interest in revealing her true identity. *See e.g.*, *R.P. v. Seattle Sch. Dist.*, 2014 U.S. Dist. LEXIS 20024, at *3 (W.D. Wash. May 13, 2011) ("[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.") (quoting *Penzato*, 2011 WL 1833007, at *3).

///
///
///
///

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed Under Pseudonym (ECF No. 166).

**IT IS SO ORDERED.**

Dated: April 7, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge