UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                                    Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC., et al.,<br><br>                                    Defendants. | Case No.:  3:24-cv-00217-JLS-AHG<br><br>**ORDER:**<br><br>**(1) DENYING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 185]** |

Before the Court is the parties' Joint Motion to Extend Scheduling Order Deadlines. ECF No. 185.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 177 at 6 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v.*

*Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co*., No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties seek a six-month continuance of all scheduling order deadlines, beginning with the fact discovery cutoff, which is presently set for December 2, 2025. ECF No. 185. The parties represent to the Court that Plaintiff was arrested on February 12, 2025, and was incarcerated until August 25, 2025. ECF No. 185 at 5. Since "communication between Plaintiff and her counsel was extremely limited" during her incarceration, "Plaintiff was effectively unable to participate in discovery or supply information necessary to respond to written discovery from Defendants." *Id*. Thus, "discovery in this matter has not progressed as expected pursuant to the Scheduling Order." *Id*.

The parties, therefore, request the six-month extension to "allow the parties sufficient time for discovery and other pre-trial preparation," but do not expand further. *Id*. For example, the parties do not explain what specific discovery has been completed and what specific discovery is outstanding. The parties acknowledge that Plaintiff was released from jail on August 25, 2025, but do not assert that any discovery has been completed in the month and a half that has lapsed since her release. The parties also do not explain why the three months of discovery after her release—as Plaintiff was released on August 25, 2025, and fact discovery does not close until December 2, 2025—is insufficient. The Court also notes that the parties' Joint Case Management Conference Statement was filed on May 19, 2025,—*while Plaintiff was incarcerated*—yet makes no

mention of her incarceration, let alone suggests it as a barrier to discovery. ECF No. 175. In fact, the parties represented in their Joint Statement that "Plaintiff has responded to discovery from Defendant ESA." *Id*. at 13. The Court held a Case Management Conference on May 28, 2025,—*while Plaintiff was incarcerated*—and issued a Scheduling Order that contemplated that fact, as counsel had subsequently informed the Court. ECF Nos. 176, 177. The Court also notes that the parties failed to provide a sufficient declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that ***describes the steps taken to comply with the existing deadlines***, and the ***specific reasons*** why the deadlines cannot be met") (emphasis added). Instead, counsel merely restates the dates that Plaintiff was incarcerated and copies the identical sentences from the motion that communications were limited and discovery had not progressed as expected. ECF No. 185-1. Aside from being required, a sufficiently specific declaration would have been helpful to the Court in resolving the many omissions noted above.

Upon due consideration, the Court does not find that the parties have shown diligence. There is nothing before the Court to show that the parties have "act[ed] diligently to meet the original deadlines set forth by the court." *Merck*, 2018 WL 4492362, at *2. Therefore, the Court does not find good cause for a continuance and **DENIES** the parties' joint motion. ECF No. 185.

To further settlement discussions, however, the Court will slightly modify the case schedule, including the upcoming Mandatory Settlement Conference presently set for November 5, 2025. **The Court reiterates to the parties that they must act diligently to meet the deadlines set forth by the Court**. The Court issues the following First Amended Scheduling Order:

1. A Mandatory Settlement Conference ("MSC") originally set for November 5, 2025, is **RESET** for **January 16, 2026** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*. The parties should expect that the MSC will last **all day**.

a. The Court requires the personal attendance of all named parties, party representatives with full[1] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference. Since Plaintiff Jane Doe's attendance is mandatory, to protect her confidentiality, she is permitted to attend the videoconference with her camera turned off and her display name changed.

b. Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **December 18, 2025**. The defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **January 5, 2026**.

d. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **January 8, 2026**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the

---

[1] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **January 8, 2026**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **January 8, 2026**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

g. All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

h. Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

//

       i. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

2. All fact discovery shall be completed by all parties by **February 2, 2026**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each party's position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3. The parties shall designate their respective experts in writing by **March 2, 2026**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by

**March 16, 2026**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. By **April 15, 2026**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **April 29, 2026**.

6. All expert discovery shall be completed by all parties by **May 29, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions must be filed by **July 7, 2026**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

//

9. An additional Mandatory Settlement Conference ("MSC") will be held on **October 9, 2026** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*. The parties should expect that the MSC will last **all day**. This MSC will replace the original additional MSC set for July 29, 2026.

    a. The Court requires the personal attendance of all named parties, party representatives with full[2] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference. Since Plaintiff Jane Doe's attendance is mandatory, to protect her confidentiality, she is permitted to attend the videoconference with her camera turned off and her display name changed.

    b. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **September 17, 2026**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

    c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **September 24, 2026**.

    d. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **October 1, 2026**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at

---

[2] *See supra* n.1.

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **October 1, 2026**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **October 1, 2026**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

g. All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

h. Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

i. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

10. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **October 22, 2026**.

11. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 22, 2026**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 29, 2026**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **November 5, 2026**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **November 12, 2026**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Janis L. Sammartino** on **November 19, 2026** at **1:30 p.m.**

16. The parties must review the chambers' rules for the assigned magistrate judge.

17. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. The dates and times set forth herein will not be modified except for good cause shown.

19. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: October 9, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge